CLERK'S OFFICE U.S. DISTRICT COURT AT ROANOKE, VA
FILED
April 25, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JULLIAN HUFFMAN,** | )<br>) |
| Plaintiff, | ) Case No. 7:24CV00312<br>) |
| v. | ) **OPINION**<br>) |
| **WOODS, ET AL.,** | ) JUDGE JAMES P. JONES<br>) |
| Defendants. | ) |

*Jullian Huffman, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1]  Huffman alleges that he was "not trained or advised about PREA" while he was "being booked in the Duffield Regional Jail" on April 8, 2024.  Compl. 6, ECF No. 1.  He also states that during the booking process, he asked Booking Officer Woods for "a food bag twice and never received it."  *Id.* at 7.  Huffman states that Lt. Osborne was the shift commander on duty.  As relief, Huffman seeks $20,000 and "an apology letter from the

---

[1] Huffman's Complaint form lists Brady Garrett as a co-plaintiff in this lawsuit. Garrett did not sign the Complaint, however, and Huffman cannot represent Garrett's interests, because Huffman is not an attorney. *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a pro se person's right to litigate for oneself does not create a similar right to litigate on behalf of others).  Therefore, I cannot consider Garrett as a party to this lawsuit, and he does not appear on the court's docket as such.

Superintendent." *Id.* at 8. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Under 42 U.S.C. § 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." To avoid such a dismissal, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

The Eighth Amendment protects prisoners from cruel and unusual living conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[T]he Constitution does not mandate comfortable prisons," however, and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347–49. It is well established that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks, citations, and alterations omitted). To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the

challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). The prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

Huffman's sparse allegations describe nothing more than missing a snack and not learning immediately about PREA, which stands for the Prison Rape Elimination Act. Huffman does not allege suffering any harm whatsoever from not receiving the food bag or the information about PREA during the booking process. Certainly, he does not show that these alleged omissions caused him any serious physical or emotional injury. Thus, Huffman has not stated a claim that the defendants' alleged actions deprived him of any necessity of life or caused him any harm that constituted cruel and unusual punishment under the Eighth Amendment. For the reasons stated, I will summarily dismiss this action, pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim.

A separate Final Order will be entered herewith.

DATED:  April 25, 2025

/s/  JAMES P. JONES  
Senior United States District Judge